PYKE MANUFACTURING
COMPANY, Plaintiff,

v.

UNITED STATES, Defendant.

Slip Op. 97–174.
Court No. 95–09–01173.

United States Court of
International Trade.

Dec. 17, 1997.

Irving A. Mandel (Thomas J. Kovarcik, Steven R. Sosnov), New York City, for Plaintiff.

Frank W. Hunger, Assistant Attorney General of the U.S.; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Shalom Brilliant); Karen Bland, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of Counsel, Washington, DC, for Defendant.

### OPINION

CARMAN, Chief Judge.

This case is before the Court on cross-motions for summary judgment pursuant to U.S. CIT R. 56. Plaintiff challenges the United States Customs Service's ("Customs") retention of antidumping duties paid on ten entries of man-made fiber sweaters from Taiwan following their liquidation in March 1992. The duties were assessed pursuant to an antidumping duty order which was in effect at the time of the entries' liquidation, but was revoked in July 1994, subsequent to the liquidation of the ten entries at issue. Plaintiff moves for summary judgment contending it is entitled to a refund of the $105,920 in antidumping duties it paid in April 1992, plus interest, and asserts this Court has jurisdiction pursuant to 28 U.S.C. § 1581(i) (1988) to decide its claim.

Defendant opposes plaintiff's Motion for Summary Judgment and has filed a Cross-Motion for Summary Judgment. Defendant asserts this Court does not have jurisdiction to hear plaintiff's claim pursuant to 28 U.S.C. § 1581(i), and alternatively argues that should this Court determine it does have jurisdiction pursuant to 28 U.S.C. § 1581(i) to decide plaintiff's claim, defendant is entitled to the entry of summary judgment in its favor.

### BACKGROUND

On October 19, 1989, the Department of Commerce ("Commerce") initiated an antidumping duty investigation of imports of sweaters wholly or in chief weight of man-made fiber from Taiwan. *See Initiation of Antidumping Duty Investigations: Sweaters Wholly or in Chief Weight of Man–Made Fiber From Hong Kong, the Republic of Korea, and Taiwan,* 54 Fed. Reg. 42,972 (Dep't Comm. 1989). Commerce published

its preliminary determination that the sweaters in question were being, or were likely to be, sold in the United States at less than fair value on April 27, 1990, and instructed Customs to suspend liquidation of entries of man-made fiber sweaters from Taiwan that were entered, or withdrawn from warehouse for consumption, on or after that date. *See Preliminary Determination of Sales at Less Than Fair Value: Sweaters Wholly or in Chief Weight of Man–Made Fiber From Taiwan,* 55 Fed. Reg. 17,779 (Dep't Comm. 1990) (prelim. determ.) (*"Preliminary Determination"*). Pursuant to the instructions to suspend liquidation, importers were required to post a bond or remit a cash deposit in the amount equal to the estimated antidumping duties calculated in the *Preliminary Determination. See* 19 U.S.C. § 1673b(d)(2) (1988) (following issuance of affirmative preliminary determination Commerce "shall order the posting of a cash deposit, bond, or other security, as it deems appropriate, for each entry of the merchandise concerned equal to the estimated average amount by which the foreign market value exceeds the United States price"). Following Commerce's publication of its affirmative preliminary determination, plaintiff made ten entries of man-made fiber sweaters from Taiwan between May 13, 1990 and September 19, 1990.

On September 24, 1990, based upon its final determination that imports of man-made fiber sweaters from Taiwan were being sold at less than fair value, and a final determination by the International Trade Commission ("ITC") that a United States industry was materially injured by reason of these imports, Commerce issued an antidumping duty order covering imports of man-made fiber sweaters from Taiwan. *See Antidumping Duty Order and Amendment to the Final Determination of Sales at Less Than Fair Value: Sweaters Wholly or in Chief Weight of Man–Made Fiber From Taiwan,* 55 Fed. Reg. 39,033 (Dep't Comm. 1990). Several importers and exporters of man-made fiber sweaters from Taiwan contested the ITC's material injury determination before this Court. *See Chung Ling Co., Ltd. v. United States,* 16 CIT 636, 805 F.Supp. 45 (1992) (*"Chung Ling I"*). Plaintiff was not a

party to that challenge and did not seek a preliminary injunction suspending the liquidation of its entries.

On September 19, 1991, Commerce published a notice informing interested parties of their opportunity to request an administrative review of its antidumping duty order covering man-made fiber sweaters from Taiwan. *See Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review,* 56 Fed. Reg. 47,450 (Dep't Comm. 1991). The notice informed interested parties that if Commerce did not receive a timely request for an administrative review, it would instruct Customs to assess antidumping duties upon entries of man-made fiber sweaters from Taiwan at a rate equal to the cash deposit or bond rate for estimated duties required on the merchandise at the time of entry. Pyke did not request an administrative review of Commerce's antidumping duty order on sweaters of man-made fiber from Taiwan, making its ten entries subject to the automatic assessment of antidumping duties at the estimated rate required on the merchandise at the time of entry pursuant to 19 C.F.R. § 353.22(e) (1992) (providing where administrative review of antidumping duty order is not requested, Commerce "without additional notice, will instruct the Customs Service to assess antidumping duties on the merchandise ... at rates equal to the cash deposit of, or bond for, estimated antidumping duties required on that merchandise at the time of entry"). Customs liquidated the entries in question on March 6, 1992, and the liquidated duties were paid by plaintiff on April 16, 1992.

On July 28, 1992, this Court remanded the ITC's material injury determination, finding it to be unsupported by substantial evidence on the record and not otherwise in accordance with law. *See Chung Ling I,* 805 F.Supp. at 56. On remand, the ITC determined that a United States industry was not materially injured or threatened with material injury by reason of imports of man-made fiber sweaters from Taiwan. *See Sweaters Wholly or in Chief Weight of Manmade Fibers from Hong Kong, the Republic of Korea,* *and Taiwan,* USITC Pub. 2577, Views on Remand in Inv. Nos. 731–TA–448–450 (1992). This Court sustained the ITC's negative remand determination. *See Chung Ling Co., Ltd. v. United States,* 17 CIT 829, 840, 829 F.Supp. 1353, 1363 (1993) (*"Chung Ling II"*). The domestic producers appealed the decision of this Court to the United States Court of Appeals for the Federal Circuit ("Federal Circuit"), which affirmed this Court's decision on June 15, 1994. *See Chung Ling Co., Ltd. v. United States,* 29 F.3d 645 (Fed.Cir. 1994) (*"Chung Ling III"*).

Pursuant to the final judgment entered by the Federal Circuit, Commerce published a notice on July 14, 1994, revoking the antidumping duty order with respect to all unliquidated entries of man-made fiber sweaters from Taiwan, effective April 27, 1990. *See Sweaters Wholly or in Chief Weight of Man-Made Fiber From Hong Kong, Korea, and Taiwan, Notice of Court Decision, Revocation of Antidumping Duty Orders, and Termination of Administrative Reviews,* 59 Fed. Reg. 35,911 (Dep't Comm. 1994) (*"Notice of Revocation"*). Following publication of the *Notice of Revocation,* Pyke and its counsel wrote letters to Customs dated September 2, 1994 and May 1, 1995, respectively, requesting a refund of the antidumping duties paid. These requests were denied, and Pyke commenced this action on September 15, 1995.

CONTENTIONS OF THE PARTIES

A. *Plaintiff*

Plaintiff has filed a Motion for Summary Judgment pursuant to U.S. CIT R. 56, contending it is entitled to "the return of the money it deposited during the course of the unfinished antidumping action" because the antidumping order, pursuant to which duties were assessed, was revoked subsequent to plaintiff's payment of antidumping duties in April 1992. (Pl.'s Br. in Supp. of Mot. for Summ. J. ("Pl.'s Br.") at 3.) Plaintiff contends its cause of action arose on July 14, 1994, when Commerce published a notice revoking the antidumping duty order with respect to all unliquidated entries of sweaters of man-made fiber from Taiwan. *See Notice of Revocation,* 59 Fed. Reg. at 35,911. Plaintiff asserts its claim falls within this Court's jur-

isdiction under 28 U.S.C. § 1581(i), and contends its claim, which was filed within fourteen months of publication of Commerce's *Notice of Revocation* of the antidumping duty order on sweaters of man-made fibers from Taiwan, satisfies the applicable two-year statute of limitations codified at 28 U.S.C. § 2636(h) (1988).

Plaintiff appears to argue that it would have been impossible to have obtained relief by filing a protest challenging Customs' retention of the antidumping duties and seeking judicial review of Customs' denial of its protest pursuant to 28 U.S.C. § 1581(a). In support of this argument, plaintiff cites *Mitsubishi Electronics America, Inc. v. United States*, 44 F.3d 973, 976–77 (Fed.Cir.1994) ("*Mitsubishi*"), which held Customs' collection of antidumping duties assessed pursuant to a valid antidumping duty order is not an act subject to protest pursuant to 19 U.S.C. § 1514(a)–(b). Although the plaintiff's papers never explicitly make the contention, the Court presumes the plaintiff cites *Mitsubishi* for the proposition that even though plaintiff did file a protest contesting the Customs Service's retention of the antidumping duties, it was impossible for plaintiff to obtain relief on its claim by filing a protest, and therefore plaintiff's sole means for obtaining relief in this matter is for this Court to exercise its jurisdiction pursuant to 28 U.S.C. § 1581(i) to decide plaintiff's claim. The Court presumes plaintiff has pursued this line of argument knowing this Court will not exercise its jurisdiction pursuant to 28 U.S.C. § 1581(i) if " 'jurisdiction under another subsection of § 1581 is ... available.' " *Norcal/Crosetti Foods, Inc. v. United States*, 963 F.2d 356, 359 (Fed.Cir.1992) (emphasis omitted) (*quoting Miller & Co. v. United States*, 5 Fed. Cir. (T) 122, 124, 824 F.2d 961, 963 (1987)).

### B. *Defendant*

Defendant raises two arguments in support of its Cross–Motion for Summary Judgment and in response to plaintiff's assertions. First, defendant argues the Court does not have jurisdiction pursuant to 28 U.S.C. § 1581(i) to hear plaintiff's claim. Defendant contends "Pyke could have obtained judicial

review based upon the jurisdiction that 28 U.S.C. § 1581(c) confers." (Mem. In Supp. of Def.'s Cross–Mot. for Summ. J. and in Opp'n to Pl.'s Mot. for Summ. J. ("Def.'s Br.") at 7.) According to the defendant, "[h]ad Pyke resorted to the available administrative remedies, it would have been entitled to bring an action for judicial review of the resulting administrative determination pursuant to 19 U.S.C. § 1516a, and this Court would have possessed jurisdiction to entertain that action pursuant to 28 U.S.C. 1581(c)." (*Id.* at 9.) Defendant argues that permitting Pyke, which failed to pursue its administrative remedies, to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1581(i) would inappropriately facilitate Pyke's "circumvent[ion] [of the] applicable administrative procedures" contemplated by the statute. (*Id.* at 7.) Additionally, defendant asserts this Court may not exercise its jurisdiction over plaintiff's claim pursuant to 28 U.S.C. § 1581(i) because plaintiff's claim was not filed within the two-year statute of limitations which applies to claims brought under § 1581(i), codified at 28 U.S.C. § 2636(h) (1988).

Alternatively, defendant argues it should prevail on its Cross–Motion for Summary Judgment should the Court determine it does have subject matter jurisdiction pursuant to § 1581(i) over plaintiff's claim. Defendant contends the entries at issue were eligible for liquidation in accordance with Customs' automatic assessment procedure based on Pyke's failure to request an administrative review. *See* 19 C.F.R. § 353.22(e). According to the defendant, because Pyke did not request an administrative review and "[b]ecause there was no preliminary injunction enjoining the liquidation of Pyke's entries, Customs was obligated as a matter of law to liquidate these entries." (Def.'s Br. at 14.) Finally, defendant argues Pyke's entries, which were liquidated on March 6, 1992, were not covered by the *Notice of Revocation* published by Commerce. Defendant notes, the *Notice of Revocation* explicitly stated "revocation is effective April 27, 1990, *for all unliquidated entries.*" (Def.'s Br. at 17 (*quoting Notice of Revocation*, 59 Fed. Reg. at 35,911) (emphasis added in defendant's brief).)

STANDARD OF REVIEW

This case is before the Court on cross-motions for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." U.S. CIT R. 56(d). "The Court will deny summary judgment if the parties present a dispute about a fact such that a reasonable trier of fact could return a verdict against the movant." *Ugg Int'l, Inc. v. United States,* 17 CIT 79, 83, 813 F.Supp. 848, 852 (1993) (quotation and citation omitted). When appropriate, summary judgment is a favored procedural device to "secure the just, speedy and inexpensive determination" of an action. *Sweats Fashions, Inc. v. Pannill Knitting Co.,* 833 F.2d 1560, 1562 (Fed. Cir.1987) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986)) (internal quotations omitted). Because this case does not raise any genuine issue of material fact the Court may properly resolve this matter by summary judgment.

DISCUSSION

The parties dispute whether this Court may exercise jurisdiction over plaintiff's claim pursuant to 28 U.S.C. § 1581(i), a provision "intended to give the Court of International Trade broad residual authority over civil actions arising out of federal statutes governing import transactions." *Conoco, Inc. v. U.S. Foreign–Trade Zones Bd.,* 18 F.3d 1581, 1588 (Fed.Cir.1994). Section 1581(i) provides:

In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

(1) revenue from imports or tonnage;

(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or

(4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

28 U.S.C. § 1581(i) (1988). Plaintiff asserts this Court has jurisdiction to hear its claim pursuant to 28 U.S.C. § 1581(i)(2) and (4), while defendant maintains this Court lacks subject matter jurisdiction over plaintiff's claim.

 A fundamental guide to this Court's exercise of its jurisdiction under § 1581(i) is that the Court will decline to exercise its jurisdiction where " 'jurisdiction under another subsection of § 1581 *is or could have been available,* unless the remedy provided under that other subsection would be manifestly inadequate.' " *Norcal/Crosetti Foods, Inc.,* 963 F.2d at 359 (*quoting Miller & Co. v. United States,* 5 Fed. Cir.(T) 122, 124, 824 F.2d 961, 963 (1987)). While § 1581(i) has been characterized as a "catch-all" provision providing this Court with a broad residual grant of jurisdiction, *see, e.g., id.* at 359; *Pac Fung Feather Co., Ltd. v. United States,* 911 F.Supp. 529, 533 (CIT 1995), this Court will not exercise its jurisdiction pursuant to § 1581(i) in a manner that would enable litigants to "circumvent the jurisdictional scheme of review" established in 28 U.S.C. § 1581(a)–(h). *St. Paul Fire & Marine Ins. Co. v. United States,* 959 F.2d 960, 963 (Fed. Cir.1992).

 In support of its argument this Court has jurisdiction pursuant to 28 U.S.C. § 1581(i) to decide its claim that Customs has retained improperly the antidumping duties paid in 1992, Pyke cites *Mitsubishi Electronics America, Inc. v. United States,* 44 F.3d 973 (Fed.Cir.1994) (*"Mitsubishi"*). *Mitsubishi,* similar to the matter presently before the Court, involved a challenge to Customs' liquidation of goods through the application of its automatic duty assessment regulation, codified at 19 C.F.R.

§ 353.53a(d)(1) (1987). Plaintiff contends the Federal Circuit's opinion in *Mitsubishi* is controlling in this matter and intimates this Court should exercise its jurisdiction pursuant to § 1581(i) to decide plaintiff's claim based on the Federal Circuit's decision in *Mitsubishi.*

The Court finds plaintiff's citation of *Mitsubishi* to support its contention this Court should exercise its jurisdiction pursuant to § 1581(i) unpersuasive. In the course of its arguments contending this Court should exercise its jurisdiction pursuant to 28 U.S.C. § 1581(i) to decide its claim, plaintiff fails to address the fact it could have obtained adequate relief on its claim pursuant to another subsection of § 1581. *See Miller & Co.,* 5 Fed. Cir:(T) at 124, 824 F.2d at 963 ("Section 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate."). Plaintiff could have obtained relief by challenging the ITC's material injury determination pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i) (1988), a challenge which this Court would have had jurisdiction to review pursuant to 28 U.S.C. § 1581(c).[1] Plaintiff's ability to have obtained adequate relief by challenging the ITC's material injury determination in this Court is clearly illustrated by the *Chung Ling* litigation, in which other interested parties to the antidumping duty investigation *did in fact* obtain relief and avoided assessment of antidumping duties pursuant to the antidumping duty order on man-made fiber sweaters from Taiwan. *See Chung Ling I,* 16 CIT at 649, 805 F.Supp. at 56 (remanding ITC's material injury determination); *Chung Ling II,* 17 CIT at 840, 829 F.Supp. at 1363

(sustaining ITC's negative material injury determination following remand), *aff'd, Chung Ling III,* 29 F.3d at 645. As suggested above, this Court reviewed the challenge to the ITC's material injury determination in the *Chung Ling* litigation pursuant to its jurisdiction under 28 U.S.C. § 1581(c). *See* 16 CIT at 637, 805 F.Supp. at 47. It is clear that plaintiff, had it chosen to avail itself of the administrative review procedures made available by the statute, could have obtained the same relief as the parties to the *Chung Ling* litigation and avoided the assessment of duties pursuant to the antidumping duty order which was subsequently revoked. This Court finds plaintiff failed to exercise its rights to seek a remedy by pursuing a claim which this Court would have had jurisdiction to review pursuant to 28 U.S.C. § 1581(c), and, therefore, declines to exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1581(i).

█ Additionally, were the Court to exercise its jurisdiction pursuant to 28 U.S.C. § 1581(i), it would be in contravention of the maxim that Customs' liquidation of an entry becomes final as to all parties unless a protest is filed within ninety days of that liquidation. *See* 19 U.S.C. § 1514(a) (1988) (providing decisions by Customs concerning liquidation "shall be final and conclusive upon all persons ... unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade"). This Court will not exercise its jurisdiction pursuant to 28 U.S.C. § 1581(i) to examine Customs' valid liquidation of the ten entries[2] which became final as to all

1. Defendant argues plaintiff's claim is not reviewable pursuant to 28 U.S.C. § 1581(i) because plaintiff "did not avail itself of the available administrative procedures," and notes Pyke failed to "request an administrative review" prior to Customs assessing antidumping duties at the rate established in Commerce's *Final Determination.* (Def.'s Br. at 9.) While defendant's observation that plaintiff failed to request an administrative review is accurate, in evaluating whether plaintiff could have obtained adequate relief by invoking this Court's jurisdiction pursuant to 28 U.S.C. § 1581(c), the Court notes the significance of the fact that other interested parties to

the antidumping investigation did in fact obtain relief by challenging the ITC's material injury determination, which this Court reviewed pursuant to 28 U.S.C. § 1581(c) (1988).

2. The Court rejects plaintiff's argument that Customs' liquidation was invalid. (*See* Pl.'s Br. at 6–8.) Pyke did not request an administrative review of the antidumping duty order, it was not a party to the *Chung Ling* litigation challenging the ITC's material injury determination, and it did not seek a preliminary injunction to enjoin liquidation of the ten entries at issue. The ten entries

parties ninety days after the entries in issue were liquidated on March 6, 1992. *See Zenith Radio Corp. v. United States*, 1 Fed. Cir.(T) 74, 78, 710 F.2d 806, 810 (1983) ("Once liquidation occurs, a subsequent decision by the trial court on the merits ... can have no effect on the dumping duties assessed on entries....").

 Finally, the Court notes even if it were to exercise its jurisdiction pursuant to 28 U.S.C. § 1581(i) to hear plaintiff's claim, it would be barred from taking any action on the claim by the applicable statute of limitations. *See* 28 U.S.C. § 2636(h) (1988) ("A civil action of which the Court of International Trade has jurisdiction under section 1581 of this title, other than an action specified in subsections (a)–(h) of this section, is barred unless commenced ... within two years after the cause of action first accrues."). As the Federal Circuit made clear in *Mitsubishi*, a cause of action for relief from the automatic assessment of antidumping duties accrues the day after plaintiff's opportunity to request an administrative review expires. *See Mitsubishi*, 44 F.3d at 978 (noting plaintiff had opportunity to request review through June 30, 1987 and determining plaintiff's "cause of action accrued, and the statute of limitations began to run, on July 1, 1987 when all the events necessary to state the claim had occurred"). In this case, the Court finds any cause of action plaintiff had against Customs' automatic assessment of antidumping duties pursuant to 19 C.F.R. § 353.22(e) arose on October 1, 1991, the day after the last date plaintiff had the opportunity to request an administrative review. *See Opportunity to Request Administrative Review*, 56 Fed. Reg. 47,450 ("Not later than September 30, 1991, interested parties may request administrative review" of Commerce's determination with respect to man-made fiber sweaters from Taiwan); *Mitsubishi*, 44 F.3d at 978. Plaintiff's cause of action did not, as plaintiff contends, arise upon Commerce's publication of the *Notice of Revocation* on

July 14, 1994. By its terms, the notice applied only to those entries which remained unliquidated as of April 27, 1990. Because plaintiff's claim, which was filed on September 15, 1995, does not fall within the two-year statute of limitations established by 28 U.S.C. § 2636(h) on claims brought pursuant to 28 U.S.C. § 1581(i), the Court finds that even if it were to exercise its jurisdiction pursuant to 28 U.S.C. § 1581(i) to decide plaintiff's claim, the claim would have to be dismissed as time-barred.

CONCLUSION

For the reasons stated above, the Court declines to exercise its jurisdiction pursuant to 28 U.S.C. § 1581(i) (1988) to decide plaintiff's claim seeking a refund of antidumping duties paid in April 1992. Plaintiff's Motion for Summary Judgment is denied and defendant's Cross–Motion for Summary Judgment is granted.

JUDGMENT ORDER

This case having been duly submitted for decision and this Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision, it is hereby

**ORDERED** that plaintiff's Motion for Summary Judgment is denied; and it is further

**ORDERED** that defendant's Cross–Motion for Summary Judgment is granted; and it is further

**ORDERED** that plaintiff's Motion for Oral Argument is denied.

---

at issue were eligible to be liquidated in accordance with Customs' automatic duty assessment procedure, codified at 19 C.F.R. § 353.22(e), and were properly liquidated consistent with the regulation on March 6, 1992. Thus, the ten entries did not fall with the *Notice of Revocation* publish-

ed by Commerce, which specifically noted it revoked the antidumping duty order on man-made fiber sweaters from Taiwan, effective April 27, 1990, with respect to all unliquidated entries. *See Notice of Revocation*, 59 Fed. Reg. at 35,911.